UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNIE DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-CV-2186 NAB |
| | ) | |
| CAROLYN W. COLVIN[1], | ) | |
| Acting Commissioner of Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Jeannie Davidson's ("Davidson") application for benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* and 42 U.S.C. §§ 1381 *et seq.* Davidson alleges disability due to bipolar type 2, paranoia, depression, back pain, and asthma. (Tr. 160.) The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). [Doc. 8.] For the reasons set for below, the Commissioner's decision is reversed and remanded.

### I. PROCEDURAL HISTORY

On June 10, 2009, Davidson applied for a period of disability and disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"), alleging an onset date of October 1, 2007. (Tr. 107–111.) The Social Security Administration denied Davidson's claims on September 23, 2009. (Tr. 51–54.) Thereafter, Davidson filed a timely request for hearing

---

[1] At the time this case was filed, Michael J. Astrue was the Commissioner of Social Security. Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Carolyn W. Colvin for Michael J. Astrue in this matter.

before an administrative law judge ("ALJ"), and a hearing took place on May 19, 2010. (Tr. 26-45, 57-58, 69–74.) On September 14, 2010, the ALJ issued a written opinion affirming the denial of benefits. (Tr. 12-24.) On November 6, 2010, Davidson requested review of the ALJ's decision from the Appeals Council. (Tr. 7.) On October 25, 2011, the Appeals Council denied Davidson's request for review. (Tr. 1–5.) Therefore, the decision of the ALJ stands as the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000). Davidson filed this appeal on December 16, 2011. [Doc. 1.] Davidson filed a Brief in Support of her Complaint. [Doc. 16.] The Commissioner filed a Brief in Support of the Answer. [Doc. 22.]

## II. LEGAL STANDARD

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 416(i)(1).

The Social Security Administration uses a five-step analysis to determine whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005). In this sequential analysis, the claimant first cannot be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix to the applicable regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work.[2] 20 C.F.R. §§ 404.1520(f), 416.920(f). At this step, the burden rests with the claimant to establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008). RFC is defined as what the claimant can do despite his or her limitations, 20 C.F.R. § 404.1545(a), and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(b)-(e). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f). If it is determined that the claimant can still perform past relevant work, the claimant is not disabled. *Id.*; 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform past relevant work, the analysis proceeds to Step five.

At step five, the ALJ considers the claimant's RFC, age, education, and work experience to see if the claimant can make an adjustment to other work. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). At this step, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs in the economy. *Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfies all of the criteria under the five-step evaluation, the ALJ will find the claimant disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

This court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g) Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). Therefore, even if this Court finds that there is a preponderance of evidence against the weight of the ALJ's decision, this

---

[2] "Past relevant work is work that [the claimant] has done *within* the past 15 years, that was *substantial gainful activity,* and that lasted long enough for [the claimant] to learn how to do it." *Mueller v. Astrue*, 561 F.3d 837, 841 (8th Cir. 2009) (internal citations omitted).

Court will affirm the decision if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;
(2) The education, background, work history, and age of the claimant;
(3) The medical evidence given by the claimant's treating physicians;
(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
(5) The corroboration by third parties of the claimant's physical impairment;
(6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980). Accordingly, the district court must determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001).

### III. DECISION OF THE ALJ

The ALJ first determined that Davidson met the insured status requirements of the Social Security Act through September 30, 2009. (Tr. 14.) The ALJ found that Davidson had not engaged in substantial gainful activity since October 1, 2007, the alleged onset date of disability. *Id.* Next, the ALJ determined that Davidson had the following severe impairments: asthma, systolic heart failure, obesity, major depressive disorder, bipolar disorder, and generalized anxiety disorder. *Id.* Then, the ALJ found that Davidson did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15.) The ALJ found that Davidson had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and

416.967(b), but that she was unable to work in an environment that required constant and regular contact with the general public, or work in close proximity to controlled substances. (Tr. 18.) Davidson was also limited to understanding, remembering, and carrying out simple instructions and non-detailed tasks, making simple work-related decisions, and adapting to routine simple work changes. (Tr. 18.) The ALJ also determined that the transferability of job silks was not an issue because Davidson did not have past relevant work, but considering her age, education, work experience, and RFC, there were jobs in significant numbers in the national economy that Davidson could perform. (Tr. 22.) Finally, the ALJ concluded that Davison was not under a disability, as defined in the Social Security Act, from October 1, 2007, through the date of this decision. (Tr. 23.) The Court has reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearing, and the additional medical and documentary evidence in the record. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## IV. DISCUSSION

Davidson alleges two points of error. First, she asserts that the ALJ improperly considered opinion evidence in assessing her RFC. Second, Davidson argues that the ALJ's questioning of the vocational expert failed to clarify a conflict with the Dictionary of Occupational Titles and vocational expert's testimony. The Court will only address Davidson's claim regarding the ALJ's decision to give some weight to John Herberger's Physical RFC Assessment because it is dispositive.

In this case, the ALJ gave varying weight to the RFC assessments and opinions of various sources in the medical record. The ALJ gave controlling weight to the opinions of Dr. Rachel Ash-Bernal and Dr. Michael Kent. (Tr. 21.) The ALJ determined that Dr. Howard Goldberg's

5

opinion was entitled to great weight and he assigned limited weight to the opinions of Dr. Raymond Leung and Dr. David Peaco. (Tr. 20, 22.) Finally, the ALJ gave some weight to the Physical and Mental RFC assessments completed by Dr. Robert Cottone and Disability Determination Services Single Decisionmaker John Herberger. (Tr. 22.)

According to SSR 96-6p, "[a]t the administrative law judge and Appeals Council levels, RFC assessments by State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the decision as medical opinions from nonexamining sources about what the individual can still do despite his or her impairment(s)." SSR 96-6p, 1996 WL 374180 (July 2, 2006). These opinions "are to be evaluated considering all of the factors set out in the regulations for considering opinion evidence." *Id.* Single decision makers' opinions are not acceptable medical sources entitled to the same consideration as medical consultants under the Social Security regulations. *See* 20 C.F.R. §§ 404.1513, 416.913.

The ALJ erred in giving some weight to the opinion of single decisionmaker John Herberger. (Tr. 22, 248-53.) The ALJ indicated that he gave Herberger's opinion the consideration entitled to state agency medical consultants, even though the Physical RFC Assessment indicates that he is not a medical consultant (Tr. 253.) The ALJ "weighed the opinion of a lay person under the rules appropriate for weighing the opinion of a medical consultant, which would be a legal error in applying the ruling." *Dewey v. Astrue*, 509 F.3d 447, 449 (8th Cir. 2007).

The Commissioner asserts that the ALJ's error was harmless, because the RFC was more restrictive than the one given by the disability examiner and other evidence in the record supports the ALJ's conclusions. The Court disagrees.

6

RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. §§ 404.1545, 416.945. The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1 (July 2, 1996). It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his or her limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). "Although the ALJ bears the primary responsibility for assessing a claimant's [RFC] based on all relevant evidence, a claimant's [RFC] is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). Therefore, an ALJ is "required to consider at least some supporting evidence from a [medical] professional." *Lauer*, 245 F.3d at 704. An RFC determination will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

In this case, there is no other evidence in the record that specifically evaluates Davidson's physical functional capacity to perform work related activities on a regular and continuing basis. The evidence in the record shows that Davidson is obese and previously had problems with shortness of breath and heart problems. The Court cannot say that the ALJ would inevitably have reached the same result if he had understood that the Residual Functional Capacity Assessment had not been completed by a physician or other qualified medical consultant. *Dewey*, 509 F.3d at 449-50. Thus, the ALJ's decision is not supported by substantial evidence in the record as a whole.

## V. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision was not based on substantial evidence in the record as a whole and should be reversed and remanded. Upon remand, the ALJ should re-evaluate Davidson's RFC assessment by giving the appropriate weight to the sources in the medical record.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the ALJ for a new determination of Davidson's residual functional capacity in accordance with this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Carolyn W. Colvin for Michael J. Astrue in the court record of this case.

A separate written judgment will be entered this date in favor of Plaintiff reversing and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 27th day of September, 2013.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE